UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
IN RE:

MOHAMED IMRAN ALLI

CASE NO.:

**CHAPTER 13 PLAN**

Effective 12/01/2024

DEBTOR(S)
-----------------------------------------------------X

☐ Check this box if this is an amended plan. List below the sections of the plan which have been changed:

______________________________________________________________________________

## PART 1: NOTICES

**Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstance or that it is permissible in your judicial district. Plans that do not comply with the local rules for the Eastern District of New York may not be confirmable. If you do not have an attorney, you may wish to consult one.

**Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. You should read this plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.
If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim to be paid under any plan.

**General:** Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below.

**1.1*: The following matters may be of particular importance. Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included," or if both or neither box is checked, the provision will be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| a. | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not included |
| b. | Avoidance of a judicial lien or nonpossessory, non-purchase-money security interest, set out in Section 3.4 | ☑ Included | ☐ Not included |
| c. | Nonstandard provisions, set out in Part 8 | ☑ Included | ☐ Not included |

**1.2:** The following matters are for informational purposes.

| | | | |
|---|---|---|---|
| a. | The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence, set out in Section 3.3. | ☐ Included | ☑ Not included |
| b. | Unsecured Creditors, set out in Part 5, will receive 100% distribution of their timely filed claim. | ☐ Included | ☑ Not included |

## PART 2: PLAN PAYMENTS AND LENGTH OF PLAN

**2.1: The post-petition earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall pay to the Trustee for a period of months as follows:**

| Payment Amount | Commencing (Month and Year) | Ending (Month and Year) | Number of Months |
|---|---|---|---|
| $250 | 06/2025 | 06/2028 | 36 |
| | | | |
| | | | |

**2.2: Income tax refunds.**
If general unsecured creditors are paid less than 100%, in addition to the regular monthly payments, during the pendency of this case, the Debtor(s) will provide the Trustee with signed copies of filed federal and state tax returns for each year commencing with the tax year_____, no later than April 15th of the year following the tax period. Indicated tax refunds are to be paid to the Trustee upon receipt, however, no later than June 15th of the year in which the tax returns are filed.

**2.3 Irregular Payments.**

**A.** *Check one.*

☑ None. If "None" is checked, the rest of §2.3 need not be completed and may be omitted.

☐ Debtor(s) will make irregular payment(s) to the Trustee from other sources, as specified below:

| Source | Estimated Amount | Date of Payment (Anticipated) |
|---|---|---|
| | | |
| | | |

**B.** In the event the Debtor(s) are required to make additional monetary contributions to meet their obligations under the confirmed plan, prior to the expiration of the Plan, the Debtor(s) shall be permitted to remit up to $2,500.00 to the Trustee as an additional payment to cure this defect without leave of the Court.

## PART 3: TREATMENT OF SECURED CLAIMS

**3.1: Maintenance of payments (including the debtor(s)'s principal residence).**
*Check one.*

☐ None. If "None" is checked, the rest of §3.1 need not be completed and may be omitted.

☑ Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s).

| Name of Creditor | Last 4 Digits of Account Number | Principal Residence (check box) | Description of Collateral | Current Installment Payment (including escrow) |
|---|---|---|---|---|
| Shellpoint | 8000 | ☑ | 9005, 218 Queens Village NY 11428 | 2200 |
| Aslim Isaq | loan | ☐ | 9005, 218 Queens Village NY 11428 | None, to be decided |
| | | ☐ | | |

**3.2: Cure of default (including the debtor(s)'s principal residence).**

*Check one.*

☑ None. If "None" is checked, the rest of §3.2 need not be completed and may be omitted.

☐ Any existing arrearage on a listed claim will be paid in full through disbursements by the Trustee. Interest will not be paid on the claims listed below unless otherwise ordered by the Court or referenced in Part 8 Nonstandard Plan Provisions below.

| Name of Creditor | Last 4 Digits of Acct No. | Principal Residence (check box) | Description of Collateral | Amount of Arrearage |
|---|---|---|---|---|
| | | ☐ | | |
| | | ☐ | | |
| | | ☐ | | |

**3.3: Modification of a mortgage secured by the debtor(s)'s principal residence.**

*Check one.*

☑ None. If "None" is checked, the rest of §3.3 need not be completed and may be omitted.

☐ The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence.

☐ If applicable, the debtor(s) will be requesting loss mitigation pursuant to Administrative Order #744.

*Complete table below.*

| Name of Creditor | Property Address | Last 4 Digits of Account Number | Estimated Mortgage Payment* |
|---|---|---|---|
| | | | |
| | | | |

* The Debtor anticipates the new principal balance, including capitalized arrears will be $_______, and will be paid at______% interest amortized over ______ years with an estimated monthly payment of $________including interest and escrow. The estimated monthly payment shall be paid directly to the Trustee (as included in paragraph 2.1) until such time as the debtor(s) has commenced payment under a trial or permanent loan modification. Contemporaneous with the commencement of a trial or permanent modification, the debtor(s) will amend the Chapter 13 Plan and Schedule J to reflect the terms of the agreement, including the direct payment to the secured creditor going forward by the debtor(s) referenced in paragraph 3.1. Status letters are required to be filed by the debtor(s) 7 days prior to any scheduled Confirmation Hearing unless otherwise ordered by the Court or Administrative Order #744.

**3.4: Request for valuation of security, modification of under-secured claims, and lien avoidance.**

The holder of any claim listed below will retain the lien on the property interest of the Debtor or the estate until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law; or (b) discharge of the underlying debt under 11 U.S.C. §1328.

*Check one.*

☐ None. If "None" is checked, the rest of §3.4 need not be completed and may be omitted.

***The remainder of this paragraph is only effective if the applicable box in Part 1 of this plan is checked.***

☑ The debtor(s) shall file a motion to determine the value of the secured claims listed below. Such claim shall be paid pursuant to order of the court upon determination of such motion.

| Name of Creditor | Last 4 Digits of Acct. No. | Description of Collateral | Secured Portion of Claim to be Paid through Plan, if any | Interest, if any, to be paid |
|---|---|---|---|---|
| Cadlerock Joint Venture LP | | Debtor's Home | None as of now | none |
| | | | | |
| | | | | |

### 3.5: Secured claims on real or personal property to be paid in full through disbursements by the Trustee including claims described in the final paragraph of 11 U.S.C. §1325(a).

The holder of any claim listed below will retain the lien on the property interest of the Debtor or the estate until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law; or (b) discharge of the underlying debt under 11 U.S.C. §1328.

☑ None. If "None" is checked, the rest of §3.5 need not be completed and may be omitted.

| Name of Creditor | Last 4 Digits of Acct. No. | Description of Collateral | Amount of Claim | Interest Rate | Principal Residence | §1325(a) Final Paragraph Claims* |
|---|---|---|---|---|---|---|
| Shellpoint | 8000 | 9005 218th Pl. Queens Village, NY 11428 | 302,000 | 3.625% | ☑ | ☐ |
| Aslim Isakh and Indrainie | | Home of the Debtor | 306,000 | NA | ☑ | ☐ |
| | | | | | ☐ | ☐ |

*This box must be checked if the claim is as described in the final paragraph of 11 U.S.C. §1325(a) as either:

(1) Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or

(2) Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

### 3.6: Surrender of collateral.

*Check one.*

☐ None. If "None" is checked, the rest of §3.6 need not be completed and may be omitted.

☑ Debtor(s) surrenders the following property and upon confirmation of this Plan or as otherwise ordered by the Court, bankruptcy stays are lifted for all purposes as to the collateral to be surrendered. The Secured Creditor shall not receive payment under the Plan unless a deficiency claim is filed. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Last 4 Digits of Acct. No. | Description of Collateral |
|---|---|---|
| Toorak Capital Partners LLC | 611605/23 Sup Ct | 11 Jefferson Avenue, Valley Stream NY 11580 |
| | | Debtor's controlled corporation owns it |

## PART 4: TREATMENT OF FEES AND PRIORITY CLAIMS

### 4.1: General.

Trustee's fees and all allowed priority claims, including domestic support obligations other than those

treated in §4.5, will be paid in full without post-petition interest.

**4.2: Trustee's fees.**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3: Attorney's fees.**
The balance of the fees owed to the attorney for the debtor(s) is $Per Retainer.

**4.4: Priority claims other than attorney's fees and those treated in §4.5.**
*Check One.*

☑ None. If "None" is checked, the rest of §4.4 need not be completed and may be omitted.

☐ The debtor(s) intend to pay the following priority claims through the plan:

| Name of Creditor | Amount of Arrears |
|---|---|
| | |
| | |

**4.5: Domestic support obligations.**
*Check One.*

☑ None. If "None" is checked, the rest of §4.5 need not be completed and may be omitted.

☐ Debtor(s) has a domestic support obligation and is current with this obligation and will remain current on this obligation.

☐ Debtor(s) has a domestic support obligation that is not current and will be paying arrears through the Plan. *Complete table below.*

| Name of Recipient | Amount of Arrears |
|---|---|
| | |
| | |

## PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims will be paid pro rata:

☐ Not less than the sum of $________.

☐ Not less than ______% of the total amount of these claims.

☑ From the funds remaining after disbursement have been made to all other creditors provided for in this plan.

**If more than one option is checked, the option providing the largest payment will be effective.

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1: The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**
*Check one.*

☑ None. If "None" is checked, the rest of §6.1 need not be completed and may be omitted.

☐ Assumed items. Current installment payments will be paid directly by the debtor(s) as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the Trustee.

| Name of Creditor | Description of Property | Current Installment Payment by Debtor(s) | Arrears as of Petition Date |
|---|---|---|---|
| | | | |
| | | | |

## PART 7: MISCELLANEOUS

**7.1:** Unless otherwise provided in the Order of Confirmation, property of the estate will vest in the debtor(s) upon completion of the plan.
**7.2:** Post-petition payments including but not limited to mortgage payments, vehicle payments, real estate taxes, income taxes, and domestic support obligations are to be made directly by the Debtor(s) unless otherwise provided for in the plan.
**7.3:** Throughout the term of this Plan, the debtor(s) will not incur post-petition debt over $2,500.00 without written consent of the Trustee or by order of the Court.

## PART 8: NONSTANDARD PLAN PROVISIONS

**Check "None" or list nonstandard plan provisions.**

☐ None. If "None" is checked, the rest of §8 need not be completed and may be omitted.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the form plan or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in the box "included" in §1.1(c).**

Cadlerock Joint Venture and other predecsor of the account holder have held the debtor responsible for the loan in violation of the Hobbs Act (18 USC 1951). Debtor does now owe this loan. Debtor made it clear to the parties who went to sue him, but they ignored the same and threatened him with consequences if he does not accept responsibility of loan. Final resolution of the contemplated RICO action would determine Cadlerock claim

## PART 9: CERTIFICATION AND SIGNATURE(S):

I/we do hereby certify that this plan does not contain any nonstandard provisions other than those set out in the final paragraph.

/s/Mohamed Imran Alli
Signature of Debtor 1

Dated: 06/09/2025

__________________________
Signature of Debtor 2

Dated: _________________

/s/karamvirdahiya
Signature of Attorney for Debtor(s)

Dated: 06/09/2025