UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK  Case No. 1-25-42900-ESS
----------------------------------------------------X
IN RE:
MOHAMED IMRAN ALLI,
Chapter 13
Debtor.
----------------------------------------------------X

# DEBTOR'S OPPOSITION TO CHAPTER 13 TRUSTEE'S MOTION TO DISMISS

**TO: THE HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE**

The Debtor, Mohamed Imran Alli (the "Debtor"), by and through undersigned counsel, hereby submits this opposition to the Motion to Dismiss (the "Motion") filed by Krista M. Preuss, Chapter 13 Trustee (the "Trustee"), pursuant to 11 U.S.C. § 1307(c). For the reasons set forth below, the Motion should be denied in its entirety.

## PRELIMINARY STATEMENT

The Trustee's Motion seeks dismissal of this Chapter 13 case based on alleged non-compliance with the Debtor's proposed Plan and certain local rules. However, significant portions of the Motion are now moot, as the Debtor has addressed or is actively addressing the identified issues in good faith. Specifically, the Debtor has filed a motion to disallow the proof of claim of Cadlerock Joint Venture, L.P. ("Cadlerock"), rendering the Trustee's objection regarding the absence of a motion to value or reclassify Cadlerock's claim moot. Additionally, there is no need for an affidavit of contribution, as no third party is contributing to the Plan or household expenses. The Debtor has filed all required tax returns, with copies available on Epiq. The Debtor testified under oath at the § 341 meeting that no domestic support obligations exist. There are no lease payments due, and the Debtor is current on mortgage payments, with no notice of default filed by the mortgagee.

Dismissal under § 1307(c) is discretionary and requires a showing of "cause," which is not present here. See *In re Lin,* 499 B.R. 430, 435 (Bankr. S.D.N.Y. 2013) (noting that dismissal is not mandatory and courts consider the totality of circumstances). The Debtor has acted in good faith, all creditors with timely filed claims are being paid under the Plan, and there is no prejudice to any creditor. The Debtor is also working collaboratively with Cadlerock—the only creditor alleging potential prejudice—to resolve disputes, including through a pending Rule 2004 examination and the recently filed claim objection. Granting dismissal would be inequitable and contrary to the rehabilitative purpose of Chapter 13. See *Marrama v. Citizens Bank of Mass.,* 549 U.S. 365, 367 (2007) (Chapter 13 aims to provide debtors a "fresh start" through reorganization). The Motion should be denied, and the case allowed to proceed toward confirmation.

## **<u>FACTUAL BACKGROUND</u>**

1. The Debtor filed a voluntary petition under Chapter 13 on June 16, 2025. The proposed Plan, dated June 9, 2025, provides for monthly payments of $250.00 for 36 months, with pro rata distribution to timely filed general unsecured claims. And this posited number is flexible, depending on the what needs to be remedied.

2. The Plan references a motion to value or reclassify Cadlerock's claim under Section 3.4. On December 13, 2025, the Debtor filed a Motion to Disallow Proof of Claim of Cadlerock Joint Venture, L.P returnable on February 24, 2026. This filing addresses the Trustee's concern in Paragraph 3 of the Motion.

3. The Debtor's Schedules I and J reflect a feasible budget supporting the Plan payments. The Debtor is employed and has demonstrated the ability to make payments.

4. The Debtor attended the § 341 meeting and testified under oath regarding his finances, including the absence of domestic support obligations.

5. All required federal, state, and local tax returns have been filed, with copies uploaded to Epiq for review.

6. There are no contributing entities to the Plan or household expenses, rendering any affidavit of contribution unnecessary. There are no lease payments due post-petition. The Debtor is current on mortgage payments, and no mortgagee has filed a notice of default or motion for relief from stay barring one individual, with whom the Debtor is in active talks to resolve the issue.

7. The Debtor has also filed a Motion for Rule 2004 Examination of Cadlerock, Landmark Capital Investment Inc., and HSBC Bank USA, N.A. (returnable July 22, 2025), and a Reply in support thereof, to investigate Cadlerock's claim, which the Debtor contends was obtained fraudulently through identity theft and improper litigation. Cadlerock filed an opposition, but the matter remains pending.

8. No creditor has demonstrated prejudice from the continuation of this case. All creditors with timely filed proofs of claim are positioned to receive distributions under the Plan.

## ARGUMENT

### I. DISMISSAL UNDER § 1307(C) IS DISCRETIONARY AND REQUIRES "CAUSE," WHICH IS ABSENT HERE

Section 1307(c) provides that a court "may" dismiss a Chapter 13 case "for cause," listing non-exclusive examples such as unreasonable delay prejudicial to creditors or failure to commence plan payments. 11 U.S.C. § 1307(c). Dismissal is not mandatory; courts exercise discretion based on the totality of circumstances. *In re Lin*, 499 B.R. at 435. Factors include the debtor's good faith, feasibility of the plan, and lack of prejudice to creditors. Here, the Debtor has proceeded in good faith, making efforts to comply with requirements and address disputes. The case is progressing toward confirmation, with the Debtor actively litigating Cadlerock's claim to ensure equitable treatment. Dismissal would undermine Chapter 13's purpose of allowing debtors to reorganize debts. See Grogan v. Garner, 498 U.S. 279, 286 (1991) (bankruptcy promotes honest debtors' fresh start). Cause for dismissal does not exist.

### II. PORTIONS OF THE TRUSTEE'S MOTION ARE MOOT

## A. The Absence of a Motion to Value or Reclassify Cadlerock's Claim Is Moot

The Trustee objects under § 1325(a)(6) that no motion to value or reclassify Cadlerock's claim has been filed, alleging non-compliance with the Plan (Motion ¶ 3). However, on December 13, 2025, the Debtor filed a Motion to Disallow Cadlerock's Proof of Claim pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007. This directly addresses the Plan's intent to challenge Cadlerock's secured status, rendering this objection moot. See *In re Jensen,* 369 B.R. at 120 (mooting trustee objections where debtor cured deficiencies prior to hearing). The Debtor contends Cadlerock's judgment was obtained fraudulently, and the pending Rule 2004 motion will provide evidence to support disallowance. Courts encourage resolution of such disputes within bankruptcy. See *Brown v. Felsen,* 442 U.S. 127, 138-39 (1979) (bankruptcy courts may look "behind" state judgments to assess dischargeability or validity).

## B. No Affidavit of Contribution Is Required

The Trustee alleges failure to provide affidavits of contribution and payment advices under E.D.N.Y. LBR 2003-1(a)(ii) and (c) (Motion ¶ 5(e)). However, no third party is contributing to the Plan or household expenses. The Debtor lives modestly, as reflected in Schedules I and J. Where no contributors exist, no affidavit is necessary. This requirement is inapplicable and moot.

## C. Tax Returns Have Been Filed and Are Available on Epiq

The Trustee claims failure to file an affidavit regarding tax returns under E.D.N.Y. LBR 2003-1(b)(iii) and (c) (Motion ¶ 5(c)). The Debtor has filed all applicable federal, state, and local tax returns as required by 11 U.S.C. § 1308. Copies are uploaded to Epiq for the Trustee's review. Substantial compliance satisfies the rule. This objection is moot.

## D. Domestic Support Obligations: Testimony at § 341 Meeting Satisfies Requirement

The Trustee alleges failure to provide an affidavit regarding domestic support obligations under E.D.N.Y. LBR 2003-1(b)(ii) and (c) (Motion ¶ 5(b)). The Debtor testified under oath at the § 341 meeting that no such obligations exist. Sworn testimony suffices where no obligations are due. No further affidavit is needed, mooting this point. However, if the trustee still persist in her demand, we will provide an affidavit.

**E. No Lease Payments Exist, and Mortgage Is Current**

The Trustee demands copies of canceled checks or receipts for mortgage and real property lease payments under E.D.N.Y. LBR 2003-1(a)(vi) and (b)(i) (Motion ¶ 5(d)). There are no post-petition lease payments. The Debtor is current on mortgage payments, and no mortgagee has filed a default notice or relief motion. Absence of default confirms compliance. This requirement is inapplicable or moot. We are also getting a stipulation with the other additional secured creditor and same will be provided very soon as soon as available.

**III. THE PLAN IS FEASIBLE AND SUFFICIENTLY FUNDED; NO PREJUDICE TO CREDITORS**

The Trustee objects that the Plan is underfunded for secured claims under § 1325(a)(5) and the budget does not support increased payments (Motion ¶ 4). The Plan provides for full payment of allowed secured claims once disputed claims like Cadlerock's are resolved. The Debtor's budget shows feasibility, with net income supporting $250 monthly payments. Feasibility is determined at confirmation, not dismissal.

No prejudice exists. All creditors with claims are being paid pro rata. The Debtor is working with Cadlerock—the only potentially "prejudiced" creditor—toward resolution, despite alleging its judgment was fraudulent. Lack of prejudice weighs against dismissal.

The Trustee's demand for disclosure documentation under LBR 2003-1(d) (Motion ¶ 5(a)) is being addressed through ongoing cooperation. Minor technical issues do not warrant dismissal.

## **CONCLUSION**

For the foregoing reasons, the Debtor respectfully requests that the Court deny the Trustee's Motion to Dismiss and grant such other and further relief as the Court deems just and proper.

Dated: December 13, 2025
New York, New York

DAHIYA LAW OFFICES, LLC

Counsel for the Debtor
By: /s/ *Karamvir Dahiya*
Karamvir Dahiya
75 Maiden Lane, Suite 606
New York, NY 10038
Tel: (212) 766-8000
karam@dahiya.law